This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   **Plaintiff-Appellant,**

  **v.**           **No. 34,543**

**SABRINA NAIRN,**

   **Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Cristina Jaramillo, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Steven Johnston, Assistant Attorney General
Albuquerque, NM

for Appellant

Bennett J. Baur, Chief Public Defender
J.K. Theodosia Johnson, Assistant Appellate Defender
Santa Fe, NM

for Appellee

## MEMORANDUM OPINION

**HANISEE Judge.**

{1}     The State of New Mexico appeals from the district court's order dismissing the charges against Defendant without prejudice pursuant to Second Judicial District Court Rule LR2-400 NMRA (2015, recompiled and amended as LR2-308 effective Dec. 31, 2016) (local rule). This Court issued a first calendar notice proposing summary dismissal for lack of a final, appealable order. [1CN 1-7] After reviewing the State's memorandum in opposition to this Court's notice of proposed disposition, we indicated in a second notice of proposed disposition that the order of dismissal without prejudice was immediately appealable pursuant to NMSA 1978, Section 39-3-3(B)(1) (1972). [2CN 2] In doing so, we relied on a memorandum opinion filed by a panel of this Court in a related case, *State v. Angulo*, No. 34,714 (N.M. Ct. App. Jan. 5, 2016) (non-precedential). [Id.] We then proceeded in our second notice of proposed disposition to consider the merits of the State's appeal and proposed to affirm. [2CN 7] The State filed a second memorandum in opposition. After consideration of the State's arguments, we proposed in a third calendar notice to reverse and remand to the district court. [3CN 8] Defendant has now filed a memorandum in opposition to our third notice of proposed disposition, which we have duly considered. Unconvinced that our third proposed disposition was incorrect, we reverse and remand.

{2} Defendant makes two discrete arguments in her memorandum in opposition to our third notice of proposed disposition, which we reorder for ease of analysis. First, Defendant argues that the State's appeal should be dismissed as non-final [3MIO 5-13], and urges us to reconsider our opinion in *State v. Armijo*, 1994-NMCA-136, 118 N.M. 802, 887 P.2d 1269, which was the basis for our decision in *Angulo* that the dismissal of charges without prejudice under the local rule is immediately appealable by the State. Second, Defendant takes issue with our proposed conclusions that the State committed—at most—a single violation of the local rule's disclosure requirements for failure to provide an e-mail address for the Wal-Mart loss prevention officer and that the district court abused its discretion in basing its dismissal on the failure of the State's witnesses to respond to informal pretrial interview requests. [3MIO 2]

{3} With respect to Defendant's first argument, we note that this Court recently decided this very issue in *State v. Lucero*, 2017-NMCA-___, ___ P.3d ___ (No. 34,713, Apr. 3, 2017). In *Lucero*, we declined to reconsider *Armijo* and we concluded that an order of dismissal without prejudice under the local rule is immediately appealable by the State, as *Angulo* held. *Lucero*, 2017-NMCA-___, ¶ 12. Therefore, given our decision in *Lucero*, we are not persuaded by Defendant's argument that the State's appeal should be dismissed for lack of a final, appealable order.

**{4}** With respect to Defendant's second argument, we note that our third calendar notice proposed reversal because the district court's dismissal order was based on multiple disclosure violations and on the failure of the State's witnesses to respond to pretrial interview requests, but our review of the facts revealed only one potential disclosure violation, and it appeared that the witnesses were only informally contacted for an interview (and only days before the interview deadline). [3CN 5-8] In her memorandum in opposition, Defendant asserts that there was an additional disclosure violation—failure to provide an address to subpoena the police officer witness—and that the failure to provide the address "stymied" Defendant's attempts to secure an interview "by either formal or informal means." [3MIO 1-2] We are not convinced.

**{5}** Specifically, the witness list filed by the State on October 24, 2014, contained an address for Albuquerque Police Department (APD) Officer E. Solis. [*See* RP 20; 2CN 4] Defendant appears to be relying on trial counsel's statement in her motion to exclude witnesses that "[o]n information, even if Defendant subpoenaed the officer (as the State would prefer), APD is not accepting service of the subpoenas at the listed address[.]" [RP 44] However, because Defendant did not actually attempt to subpoena Officer Solis at the listed address, we can hardly conclude that Defendant was "stymied" with respect to a formal interview, especially without evidence in the record to establish that APD was in fact not accepting subpoenas at that address. We are also

4

unpersuaded that Defendant's informal attempts were somehow obstructed by the address provided by the State, given that trial counsel made her interview requests by placing a phone call and leaving a message for Officer Solis [RP 47], as well as by apparently sending him a letter at the listed address [RP 46].

{6} Therefore, for the reasons stated above, as well as those contained in our three proposed notices of disposition, we conclude that the State committed—at most—a single violation of the local rule's disclosure requirements for failure to provide an e-mail address for the Wal-Mart loss prevention officer. We also conclude that the district court abused its discretion by dismissing the case as a sanction for the failure of the State's witnesses to respond to Defendant's informal interview requests, which were made only days before Defendant moved to exclude the witnesses. Because the district court's dismissal order was based on multiple disclosure violations in combination with the failure of the State's witnesses to respond to the pretrial interview requests, we reverse the district court's order and remand to allow the district court to reconsider whether, as a matter of its discretion, the State's singular contact information disclosure shortcoming merits the sanction of dismissal.

{7} **IT IS SO ORDERED.**

_____

**J. MILES HANISEE, Judge**

5

**WE CONCUR:**

_____
**LINDA M. VANZI, Chief Judge**

_____
**TIMOTHY L. GARCIA, Judge**